UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARVIN C. GALLOW, | |
| Plaintiff, | CASE NO. C14-1560-RAJ-MAT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff Marvin C. Gallow proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

///

///

///

REPORT AND RECOMMENDATION
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1965.[1]  He completed tenth grade and later received his GED.[2]  (AR 204, 334.)  Plaintiff previously worked as a cook.  (AR 204.)

Plaintiff protectively filed for SSI on October 28, 2011, alleging disability beginning January 1, 2009.[3]  (AR 11, 177-85.)  His application was denied at the initial level and on reconsideration, and he timely requested a hearing.  (AR 109-12, 121-30.)

On November 1, 2012, ALJ Mary Gallagher Dilley held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 30-71.)  On February 21, 2013, the ALJ issued a decision finding Plaintiff not disabled.  (AR 11-24.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on August 6, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed the Commissioner's final decision to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] Plaintiff's opening brief states that he graduated from high school, but this is inaccurate.  Dkt. 13 at 3.

[3] At the administrative hearing, Plaintiff amended his alleged onset date to October 1, 2011.  (AR 34.)

REPORT AND RECOMMENDATION
PAGE - 2

worked since the alleged onset date.  (AR 13.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's lumbar degenerative disc disease, anxiety disorder, affective disorder, and personality disorder.  (AR 13-14.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 14-15.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. §§ 416.967(b) with the following exceptions:  he can lift and/or carry twenty pounds occasionally and ten pounds frequently.  He can stand and/or walk for six hours in an eight-hour workday with normal breaks and sit for six hours in an eight-hour workday with normal breaks.  He can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds.  He can frequently stoop, kneel, and crawl, and occasionally crouch.  He should avoid concentrated exposure to extreme cold, extreme heat, wetness, vibration, and hazards.  He can perform simple, routine tasks involving no contact with the public and occasional, superficial contact with co-workers (but no teamwork).  (AR 15-16.)  With that assessment, the ALJ found Plaintiff unable to perform his past relevant work.

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as assembler and agricultural sorter.  (AR 23.)  The ALJ accordingly found that Plaintiff had not been disabled since the application

REPORT AND RECOMMENDATION
PAGE - 3

date.  (AR 23-24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting medical and "other" source opinions, and in discounting the credibility of his subjective testimony, which resulted in error in the RFC assessment and VE hypothetical.  He asks that the ALJ's decision be reversed and his claim remanded for a finding of disability or, in the alternative, for further proceedings.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Credibility</u>

The ALJ found that Plaintiff's subjective testimony was not entirely credible due to (1) his criminal history, including convictions for crimes involving moral turpitude; and (2) daily activities demonstrating he is less limited than alleged.  (AR 16-18.)  An ALJ's reasons to reject a claimant's subjective testimony must be clear and convincing.  *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014).

In the section of her decision addressing Plaintiff's credibility, the ALJ mentioned that Plaintiff reported an ability to prepare meals, perform household chores, shop in stores, use

REPORT AND RECOMMENDATION
PAGE - 4

public transportation, watch television, and engage in social activities.  (AR 17.)   In another section of the decision, the ALJ also noted that Plaintiff described his daily activities to a consultative examiner, as follows:

> On a typical day, [Plaintiff] awakens around 6:00 a.m.  He cleans and dresses in about 10 to 15 minutes and eats breakfast.  Through the morning hours, he will leave for class at 7:45 a.m. by bus; the classes are at 27th and Center, and he is there three days a week until noon, and one day a week until 11:00 a.m.  He is in class through this time.  He returns home and eats lunch around 11:00 a.m. to 1:00 p.m.  Through the afternoon hours, he has a chemical dependency class at Lincoln Rap at 12:30 to 2:30 p.m.  Other afternoons, he has free time and he will "tune everybody out" and read his Bible.  He might watch the news on TV and he eats dinner at 4:00 p.m.  After dinner and through the evening hours, he does his chores, and is [*sic*] the kitchen to prepare snack, serve as clean up guy, and wipe the counters down.  He is also expected to keep his room clean, do his laundry and linen weekly.  He will watch TV with the group.  He tries to go to bed around 10:00 p.m. and falls asleep after about 45 to 60 minutes.

(AR 337.)  The ALJ did not indicate how any of these activities contradict other statements made by Plaintiff, and did not explicitly indicate that Plaintiff's activities demonstrate capabilities transferable to a workplace.  Accordingly, the ALJ's findings as to Plaintiff's activities are not sufficiently specific as to constitute a clear and convincing reason to discount the credibility of Plaintiff's subjective testimony.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

This error is not harmless, because the ALJ's other reason is not, alone, a clear and convincing.  Accordingly, on remand, the ALJ should reassess the credibility of Plaintiff's subjective statements.[4]

<u>Medical Opinion Evidence</u>

Plaintiff assigns error to the ALJ's rejection of opinions provided by multiple

---

[4] Although Plaintiff suggests that remand for a finding of disability is appropriate, the Court disagrees in light of the ALJ's assessment of the medical evidence, which does not clearly indicate that Plaintiff is disabled.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (indicating that if the record contains "conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate")

REPORT AND RECOMMENDATION
PAGE - 5

psychologists and psychological clinicians.  The ALJ rejected all of the challenged opinions as inconsistent with Plaintiff's ability to complete wide range of activities, and inconsistent with objective findings.  (AR 19-20.)  The Court will address the disputed opinions in turn.

A.     Legal Standards

        In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

        Opinions provided by medical sources other than licensed physicians and psychologists may be assigned less weight, but can be discounted only upon providing reasons germane to each source.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

B.     Kathleen S. Mayers, Ph.D.

        The ALJ rejected Dr. Mayers' December 2011 opinion report (AR 333-38) as inconsistent with the level of activity Plaintiff reported during the examination.  (AR 19.)  An ALJ may properly discount an opinion that is inconsistent with a claimant's level of activities.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).  The ALJ explained that although Dr. Mayers found that Plaintiff "may not be very capable of maintaining attention and

REPORT AND RECOMMENDATION
PAGE - 6

concentration through a normal eight-hour workday" and "could not tolerate major changes in a competitive work situation" (AR 338), Plaintiff's "wide range of activities" demonstrated that he could maintain attention and concentration during a workday and could tolerate routine workplace stress.  (AR 19.)   The ALJ did not indicate which of the activities Plaintiff reported to Dr. Mayers contradict Dr. Mayers' conclusions, however, and this reason is not sufficiently specific.  On remand, the ALJ should reconsider whether her reassessment of Plaintiff's daily activities impacts her assessment of Dr. Mayers' opinion.

C.    <u>David Widlan, Ph.D.</u>

Dr. Widlan performed a DSHS evaluation in March 2012 and opined that Plaintiff had several marked functional limitations.  (AR 381-89.)   The ALJ discounted Dr. Widlan's opinion as to Plaintiff's functional limitations as "inconsistent with [Plaintiff's] wide range of activities" and inconsistent with Dr. Widlan's objective findings.  (AR 19-20.)   The ALJ's reasoning as to Plaintiff's range of activities is not specific, because the ALJ did not explain which activities contradicted which portions of Dr. Widlan's opinion.  On remand, the ALJ should reconsider whether her reassessment of Plaintiff's daily activities impacts her assessment of Dr. Widlan's opinion.

The ALJ's other reason to discount Dr. Widlan's opinion is legitimate, however, because some of Dr. Widlan's opinions are not supported by his findings.  For example, as support for his finding that Plaintiff would struggle with task completion, Dr. Widlan cited his mental status examination findings and his symptom description, but neither of these portions of his opinion shed any light on Plaintiff's ability to complete tasks.  (AR 383-87.)   The ALJ did not err in discounting Dr. Widlan's opinion based on this inconsistency.  *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion

is brief, conclusory, and inadequately supported by clinical findings.").

D.   Kelly Bliss, A.R.N.P.

Ms. Bliss treated Plaintiff for medication management in September 2012.  (AR 422-26.) She adjusted his medications, and rated his Global Assessment of Functioning (GAF) at 41-50. (AR 425.)  The ALJ rejected Ms. Bliss's GAF score as inconsistent with Plaintiff's activities and with Ms. Bliss's objective findings.  (AR 20.)

A GAF score measures either a person's functioning or symptoms, and Ms. Bliss did not explain the meaning of the GAF score she assigned, but the form indicates that a score of 41-50 indicates "[s]erious symptoms/serious impairment in functioning."  (AR 425.)  Furthermore, the ALJ noted that most of Ms. Bliss's objective findings were within normal limits.  (AR 20 (citing AR 425-25).)  These are germane reasons to discount Ms. Bliss's opinion. *See Bayliss*, 427 F.3d at 1218.

The ALJ did not, as Plaintiff contends, "play doctor" by finding that Ms. Bliss's GAF score was unsupported.  Dkt. 13 at 10.  Although a layperson, the ALJ is charged with resolving conflicts in the medical record. *Carmickle*, 533 F.3d at 1164.

E.   Jungwon Yoon B.A., C.D.P.T.

Ms. Yoon, one of Plaintiff's clinicians at Sound Mental Health, completed a form opinion indicating that Plaintiff had several cognitive and social functional limitations, and wrote an accompanying letter in August 2012 indicating that Plaintiff's GAF score was 39.  (AR 356-59.) The ALJ gave little weight to Ms. Yoon's opinion, finding it inconsistent with Plaintiff's range of activities, and also inconsistent with Dr. Mayers' opinion and Ms. Bliss's treatment notes. (AR 20.)

The GAF score provided by Ms. Yoon is lower than Ms. Bliss's score or Dr. Mayers'

REPORT AND RECOMMENDATION
PAGE - 8

score, and Ms. Bliss and Dr. Mayers both found Plaintiff cognitively intact upon mental status examination.  (*Compare* AR 336, 338, 424-45 *with* AR 356-57.)  This inconsistency with the record is a germane reason to discount Ms. Yoon's opinion.  *See Carmickle*, 533 F.3d at 1164.

F.    Kathryn Henderson, M.A., M.H.P.

Ms. Henderson rated Plaintiff's functional limitations in September 2012, and provided no explanation for the ratings she assigned.  (AR 397-99.)  The ALJ gave little weight to the opinion, noting that it was unexplained, and found it to be inconsistent with Ms. Bliss's treatment notes and Plaintiff's range of activities.  (AR 20.)

Ms. Henderson's failure to provide any explanation for her opinion is a germane reason to discount it.  *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

G.    State Agency Psychological Consultants

The ALJ afforded significant[5] weight to the opinions of State agency psychological consultants.  (AR 20-21.)  Plaintiff argues that the State agency opinions did not constitute substantial evidence supporting the rejection of other medical opinions.  Dkt. 13 at 14.  The ALJ did not cite the State agency opinions as a reason to discount other medical opinions, however, and Plaintiff has therefore failed to identify an error in the ALJ's reasoning as to the State agency opinions.

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED

---

[5] Plaintiff's briefing states that the ALJ afforded "controlling" weight to the State agency consultant opinions, but this is an overstatement.  Dkt. 13 at 14-15; Dkt. 15 at 6.

REPORT AND RECOMMENDATION
PAGE - 9

and REMANDED for further administrative proceedings, to allow the ALJ to reassess Plaintiff's credibility, and any medical opinions as necessary.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 24, 2015**.

DATED this 8th day of April, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10